UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
UNITED STATES OF AMERICA )
)
v. ) CRIMINAL ACTION
) No. 04-10299-PBS
LUZ LUCIANO, ET AL, )
Defendants )
)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR VIOLATION OF THE RIGHT TO SPEEDY TRIAL

An individual's right to a speedy trial is firmly rooted in the Sixth Amendment to the United States Constitution. The right to a speedy trial, enumerated in the Sixth Amendment, is intended as a specific guarantee to ensure a fair and prompt resolution to the criminally accused. The Speedy Trial Act (18 U.S.C. Sect. 1361-3164) is a definitive design enacted by Congress so as to secure these rights to the criminally accused in each case by a method that is both meaningful and measurable.

### AGRUMENT

The Speedy Trial Act is a codification of the right to a speedy trial, providing time frames and limitations so as to guarantee that an individual who stands accused of a crime is timely tried without delay. The Speedy Trial Act requires that an arraignment of the accused be held timely within thirty days of arrest. 18 U.S.C. 3161 (b). Further, the Speedy Trial Act provides that the trial of the criminally accused be commenced within seventy days from the date that the defendant is charged. 18 U.S.C. Sect. 3161 (c). However, the Speedy Trial Act allows for excludable delay in enumerated situations, including situations in which defendant assents in writing, for further discovery and when so ordered by a Magistrate Judge to best serve the interests of justice. 18 U.S.C. Sect. 3161 (h). In determining whether the delay best serves justice, a Magistrate Judge must consider whether the interests of justice would be handicapped by refusing the delay, and whether the complexity of the case at issue requires a delay in order to ensure adequate preparation for trial.

In *United States v. Restrepo*, (USDC) (Cr. No. 98-10377-MLW), the Court dismissed the indictment because it was not filed within thirty days as required by the Speedy Trial Act. The defendant in *Restapo* was an alien detained for having illegally reentered the United States. *Id*. In dismissing the case, the Court held that "the arrest of the defendant by INS triggered the Speedy Trial Act...therefore the sixty-five day

period from the date of that arrest to the date of the initial indictment violated the thirty-day limit for indictment following arrest required by the Speedy Trial Act 18 U.S.C. 3161 (b)." *Id.*

Like the defendant in *Restrepo*, defendants Martinez and Madera were arrested and held without arraignment beyond the thirty-day statutorily allowed period. Martinez and Madera were arrested in May of 2004 and held in custody for some six months before being arraigned in November 2004. The six-month time lapse between the charge and the arraignment is a gross violation of 18 U.S.C. 3161 (b).

In *United States v. Leichter, et al.*, (USDC) (Cr. No. 93-10276-JLT), the Court dismissed untried criminal counts on Speedy Trial grounds where the Court did not timely set a trial date. In *Leichter*, multiple defendants argued that their rights under 18 U.S.C. Sect. 3161 were violated because they were not tried within the seventy-day statutory period. *Id.* The defendants asserted that eight hundred-thirty days elapsed and they had not yet been tried and, further, that the time lapse was non-excludable. *Id.* The government argued that the eight hundred-thirty day lapse was an excludable time period under the Speedy Trial Act because there were motions pending before the Court. *Id.* The court found the government's argument "entirely without merit . . . there [was] nothing on the record to suggest that the motions in question remained before the Court following the Superceding Indictment" *Id.*

Like *Leichter*, the defendants in the instant matter face delay in trial that violates the Speedy Trial Act in that the seventy-day proscribed time period (18 U.S.C. 3161 (c)) for the start of trial has long since past and they are yet to be tried. Here, there have been two Orders for Excludable Time (Swartwood, M.J.). One such order covers the time period from the November arraignment until January 20, 2005. The second such order covers the time period from January 20, 2005 until March 23, 2005. The second order arising *after* defendants specifically objected to further delay and discovery and answered ready for trial. Even assuming that the orders were justifiable, too much time had elapsed in violation of the defendants' rights under the Speedy Trial Act even before such orders were issued.

The plain fact remains that the statutory time periods have run in violation of both the time for arraignment and the time for trial.

## CONCLUSION

For any and all reasons argued herein, substantial justice and fundamental fairness require the dismissal of the untried charges against defendants Grullon, Martinez and Madera in this case for particularly important matters enumerated in the accompanying Affidavit of Counsel.

Respectfully Submitted,
BENITO GRULLON, VALENTIN MARTINEZ
By their Attorney,

RONALD IAN SEGAL
23 Central Avenue
Lynn, Massachusetts 01901
(781) 599-2800


Respectfully Submitted,
KELVIN MADERA
By his Attorney,

STEPHEN D. JUDGE
23 Central Avenue
Suite 605
Lynn, Massachusetts 01901
(781) 599-2800

## CERTIFICATE OF SERVICE

I, Ronald Ian Segal, Esquire, hereby certify that I have delivered copies of the within Defendants Martinez, Grullon And Madera's Joint Motion To Dismiss For Violation Of The Right To Speedy Trial, by mailing same, postage prepaid, to Assistant United States Attorney Neil Gallagher, Esquire, One Courthouse Way, Suite 9200, Boston, Massachusetts 02210, this 3rd day of March, 2005.

RONALD IAN SEGAL