**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) **Criminal No. 04-10299-PBS** |
| | ) |
| **MANUEL GERMOSEN** | ) **FILED UNDER SEAL** |
| | ) |
| **Defendant.** | ) |
| | ) |

### UNITED STATES' MOTION TO REDUCE
### SENTENCE PURSUANT TO FED. R. CRIM. P. 35(b)

The United States respectfully moves this Court pursuant to
Rule 35(b) of the Federal Rules of Criminal Procedure to reduce
the defendant MANUEL GERMOSEN'S sentence of 87 months. In
particular, the government requests that the Court reduce
GARCIA's Guideline Sentence by fifty percent from 87 months to 44
months. As further described below, defendant has provided
substantial assistance in the prosecution of other individuals.

### I. Background

Manuel Germosen, a.k.a. Kelvin Madera, a.k.a. "Manolo" was
one of the core members of the conspiracy, along with Andres
Martinez, Valentin Martinez, and Jose Rosales. Beginning in
approximately 2001, Germosen began working with the leader of the
conspiracy, Andres Martinez, in the distribution of large
quantities of cocaine. The organization employed a number of
runners including defendants Carlos Arguetta, Marcia Escobar, and
then Rogelio Garcia. Germosen sold kilogram quantities of

1

cocaine to a large number of customers including Phil Asaro, Gene Anderson, Benito Grullon, and Robinson Ruiz, that he obtained from Andres Martinez.

## II.  Motion for Downward Departure: Legal Standard

Rule 35(b) of the Federal Rules of Criminal Procedure provides that within a year of sentencing, the court may reduce a previously imposed sentence if "the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."  Fed. R. Crim. P. 35(a)(1).  The reduction must accord with the "Sentencing Commission's guidelines and policy statements."  Id.  see U.S.S.G. §5K1.1.  Rule 35(b) further provides that the court may consider the defendant's pre-sentence assistance and may reduce the previously imposed sentence below any statutory mandatory minimum sentence.  Id.

In this case the government's motion and sentencing recommendation encompasses both pre-sentence and post-sentence cooperation.

### (1)  The Significance and Usefulness of the Defendant's Assistance, Taking into Consideration the Government's Evaluation of the Assistance Rendered:

Germosen provided assistance in four different significant ways.  First, based on Germosen's proffers and his agreement to testify, the government obtained a superseding indictment against two other defendants, Gene Anderson and Robinson Ruiz.  The evidence against these defendants was based primarily on wiretap

3

intercepts and Germosen's testimony.

Second, Germosen's agreement to testify which the government disclosed early in the case was a substantial factor in causing the following defendants to plead guilty: Andres Martinez, Valentin Martinez, Phil Asaro, and Gene Anderson.

Third, Germosen testified at the sentencing hearing of Andres Martinez. The purpose of Germosen's testimony was to establish that Martinez was the leader of the organization. Although the court did not specifically rely on Germosen's testimony for the sentencing enhancement, the court did note that it would find, based on Germosen's testimony, that Martinez was the leader of Germosen as well.

Fourth, and most significantly, Germosen testified at trial against Benito Grullon. The trial began on January 16, 2007. The case thus relied heavily on Germosen's testimony and the coded wiretap calls that he had with Grullon. A conviction against Grullon would have been extremely difficult without Germosen's testimony.

**(2)  The Truthfulness, Completeness, and Reliability of Any Information or Testimony Provided by the Defendant**

The information that Germosen was reliable and was corroborated by independent evidence.

**(3)  The Nature and Extent of the Defendant's Assistance**

As described above, Germosen's cooperation was useful in several ways including the indictment other co-conspirators and

the conviction at trial of co-defendant Benito Grullon.

## (4) Any Injury Suffered, or Any Danger or Risk of Injury to the Defendant or His Family Resulting from His Assistance

Germosen's testimony was publically disclosed in an odd way which caused Germosen problems. Germosen was originally represented by Steven Judge, law partner with the late Ron Segal, who at the time, represented not only Benito Grullon but also Valentin Martinez (who is also Germosen's brother in law). The government filed a motion to disqualify Attorney Segal, and as a result, Germosen's cooperation was disclosed to Grullon and Martinez, which caused substantial problems for Germosen and his wife (who is Valentin Martinez's sister). After this, the government had to move Germosen on two separate occasions from the facility in which he was incarcerated due to threat he had received based on his "snitch" status. Furthermore, since both Germosen and Grullon are from the Dominican Republic, Germosen may face repercussions upon his return.

## (5) The Timeliness of the Defendant's Assistance

Germosen's cooperation was timely. Germosen was the first defendant to proffer out of the twenty-four indicted defendants.

## IV. Conclusion

For the foregoing reasons, the government respectfully moves this Court to reduce defendant's Guideline Sentence by fifty percent to 44 months under Rule 35(b) of the Federal Rules of

5

Criminal Procedure because defendant has provided substantial
assistance in the prosecution of other individuals.

Respectfully submitted,

**MICHAEL J. SULLIVAN**
United States Attorney

**Neil J. Gallagher, Jr.**
Assistant U.S. Attorney
617 748-3397

**Dated:** March 27, 2007

6

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the persons listed below a copy of the foregoing document by hand delivery:

Lenore Glaser
1 Commercial Wharf North, 2nd Floor
Boston, MA 02110

This 27th day of March 2007

**Neil J. Gallagher, Jr.**
Assistant U.S. Attorney